[Civ. No. 8973. Second Appellate District, Division Two.—January 15, 1935.]

In the Matter of the Application of J. FROWENFELD for Appointment of Trustee for Benefit of Creditors and Stockholders of INYO MARBLE COMPANY OF CALIFORNIA (a Defunct Corporation). J. FROWENFELD, Appellant; PERRY F. BACKUS, Respondent.

Frank C. Dunham for Appellant.

Perry F. Backus, *in pro. per.*, for Respondent.

CRAIL, J.—Appellant on July 31, 1931, filed his petition in the Superior Court of Los Angeles County praying for an order appointing him trustee of said corporation. Four days later the court granted the order and appointed appellant trustee as prayed. On August 24, 1931, the superior court confirmed his sale as such trustee of certain real property formerly belonging to the defunct corporation. More than a year later the court made an order setting aside the two original orders on the ground that the court was without jurisdiction to make them. Appeal is taken from said last referred to order and one other order hereinafter referred to. Appellant contends that because the statutory periods within which to make a direct attack upon the orders had expired it was error to set them aside.

Although the application for appointment closely follows the provisions of section 402 of the Civil Code as it then existed, appellant now contends that the proceeding

was not at all instituted under the provisions of said section. Said section required that ''upon the filing of such petition the clerk of said court shall fix a time and place for hearing said petition, not less than fifteen nor more than thirty days from the filing of said petition, and shall give notice thereof by posting notices in three public places in said county at' least ten days before the date fixed for said hearing''. It is apparent on the face of the judgment roll that these provisions were not complied with. The order recites that it was granted ''upon the reading and filing of the application'', and the record shows that the order was granted within five days after the petition was filed.

Appellant contends that the petition was instituted under the provisions of section 400 of the Civil Code as it then existed. But this section does not undertake to provide the procedure whereby the court may obtain jurisdiction to appoint receivers. The stockholders of the defunct corporation and the other trustees, if any, or their successors, if any, were entitled to their day in court. It is true that the superior court under its general equitable powers is authorized to appoint trustees; but we have had no authority cited to us which holds that the superior court may appoint a trustee without due process of law; and the judgment roll herein not only is devoid of any recital of service but also shows on its face that there was not sufficient time to obtain due service and that it was signed upon reading and filing it.

Both the appellant and the *amicus curiae* seem to assume in their briefs that if the original order falls the order approving the sale falls with it. If the order approving the sale is dependent upon the original order it falls with that order and there is an end of it. But if that order was obtained in a separate proceeding we must look to the judgment roll in that separate proceeding. Here we have a judgment roll consisting solely of the application to approve the sale and the order approving it which discloses on its face a complaint which sets forth none of the beneficiaries of the trust and designates no defendant against whom summons could issue or upon whom summons could be served, a proceeding in which the order was obtained on the same day the application was filed, obviously before sufficient time could have elapsed for due process and in which because of

the nature of the action the proper defendants were so numerous, so unknown, so scattered and so long unheard of that it would have been physically impossible to get from them a voluntary appearance in the proceeding. The presumption of regularity with which we surround all judgments of the superior court is not good as against jurisdictional defects which appear in the judgment roll itself. And to indulge such presumption for the purpose of overcoming the disclosures which appear on the face of this judgment roll would do violence to the fundamental concepts of jurisprudence. The order is void for lack of jurisdiction.

█ Appellant complains also because two departments of the superior court made conflicting orders on the same date; one granting a motion to annul the original order and one denying it, and then an order setting aside the order which denied the motion. And he appeals from this latter order also. But when we recall that the court was without jurisdiction in the proceeding from the beginning it is apparent that the orders which tend to vacate the original orders should stand. █ Appellant also complains because Perry F. Backus, as *amicus curiae,* filed a motion to set aside the original order of appointment. Regardless of his right to file this motion, it was a convenient way, with the court's consent, to bring the matter to the attention of the court. The court was authorized to annul the order on its own motion.

The orders appealed from are affirmed.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.